# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| JEREMIAH WAYNE DAVIS,<br><br>        Plaintiff,<br>vs.<br><br>FACEBOOK, INC.,<br><br>        Defendant. | No. C18-4077-LTS<br><br>**ORDER** |

## *I.* *INTRODUCTION*

This matter is before me on a motion (Doc. No. 6) to dismiss filed by defendant Facebook Inc. (Facebook). Plaintiff Jeremiah Davis has filed a resistance (Doc. No. 9) and Facebook has replied (Doc. No. 10). Oral argument is not necessary. N.D. Iowa L.R. 7(c).

## *II.* *BACKGROUND*

Davis commenced this action on August 31, 2018, by filing a pro se motion (Doc. No. 1) to proceed in forma pauperis, along with a proposed complaint (Doc. No. 1-1). I granted the motion to proceed in forma pauperis, and ordered the Clerk of Court to file Davis' complaint. Doc. No. 2. The complaint contains the following description of Davis' claim:

> My claim involves my share distribution during 2012 [Initial Public Offering (IPO)] of Facebook. I've filed a claim with the SEC and need documentation of my share distribution to follow up with the SEC ([Security] and Exchange Commission) and provide [documentation] for that claim as well. As it is [privileged] [documentation] and not public knowledge. And it is preventing [me] from accessing, voting; any rights involved with shareholder rights. The distribution was for 59,000,000

[convertible] shares both class B and class A shares. And since it is [privileged] information it [would] take a federal court to unseal the documentation.

Doc. No. 3 at 6. Davis further states that the amount in controversy exceeds $75,000 because his claim involves "59,000,000 class [B] and A shares that convert to over 421,000,000." *Id.* at 3. Davis invokes this court's diversity of citizenship jurisdiction under 28 U.S.C. § 1332. In his resistance to the motion to dismiss, Davis adds that he is seeking to uncover "a registration statement for the distribution of shares" which can be filed confidentially by "emerging growth companies" during such a company's IPO. Doc. No. 9 at 1. As best as I can discern, Davis is seeking to unseal Facebook's Form S-1 registration statement, which was filed with the SEC prior to Facebook's IPO.

On November 20, 2018, Facebook filed a motion to dismiss under Rule 12(b)(1) and 12(b)(6) for lack of federal subject-matter jurisdiction and failure to state a claim.

### III. STANDARDS

#### A. *Subject Matter Jurisdiction*

The rules of procedure permit a pre-answer motion to dismiss "for lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1).

> "The existence of subject-matter jurisdiction is a question of law that this court reviews de novo." *ABF Freight Sys., Inc. v. Int'l Bhd. Of Teamsters*, 645 F.3d 954, 958 (8th Cir. 2011). The party seeking to invoke federal jurisdiction . . . carries the burden, which may not be shifted to another party. *Great Rivers Habitat Alliance v. FEMA*, 615 F.3d 985, 988 (8th Cir. 2010).

*Jones v. United States*, 727 F.3d 844, 846 (8th Cir. 2013). Dismissal for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) is permissible on the basis of a defense or exception to jurisdiction. *See, e.g., Herden v. United States*, 726 F.3d 1042, 1046 (8th Cir. 2013).

When a party limits its attack to the face of the complaint, the attack is a facial challenge to subject matter jurisdiction. *Jones*, 727 F.3d at 846 (citing *BP Chems. Ltd.*

*v. Jiangsu Sopo Corp.*, 285 F.3d 677, 680 (8th Cir. 2002)). On a facial challenge, "'the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6).'" *Id.* (quoting *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990)). Those protections include treating the complainant's factual allegations as true and dismissing only if "it appears beyond doubt that the [complainant] can prove no set of facts in support of its claim that would entitle it to relief." *Osborn*, 918 F.2d at 729 & n.6.

By contrast, when a party makes a factual challenge to the district court's jurisdiction pursuant to 12(b)(1), "'no presumptive truthfulness attaches to the [complainant's] allegations, and the existence of disputed material facts will not preclude [the court] from evaluating . . . the merits of the jurisdictional claims.'" *Iowa League of Cities v. EPA*, 711 F.3d 844, 861 (8th Cir. 2013) (citation omitted). Where the challenge is factual, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). "[T]he court may look beyond the pleadings and the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) (citation omitted). The court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indon.*, 370 F.3d 392, 398 (4th Cir. 2004).

Here, the parties did not address the question of whether defendants are making a facial challenge or factual challenge to subject matter jurisdiction. Based on my review of the parties' filings, however, I find that the challenge is a facial one. Specifically, neither party has filed proof of the amount in controversy, and Facebook's argument that the complaint is deficient appears to be based on the pleadings alone.

## B. Failure to State a Claim

The Federal Rules of Civil Procedure authorize a pre-answer motion to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Supreme Court has provided the following guidance in considering whether a pleading properly states a claim:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the pleading standard Rule 8 announces but does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.* at 555. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. *Id.* Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement. *Id.* at 557.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Id.* at 557.

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (cleaned up).

Courts assess "plausibility" by "'draw[ing] on [our own] judicial experience and common sense.'" *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 679). Courts "review the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation." *Id.* (citation omitted). While *factual* plausibility is typically the focus of a Rule 12(b)(6) motion to dismiss, federal courts may dismiss a claim that lacks a cognizable *legal* theory. *See, e.g., Target Training Int'l, Ltd. v. Lee*, 1 F. Supp. 3d 927, 937 (N.D. Iowa 2014).

4

## IV. DISCUSSION

### A. *Subject Matter Jurisdiction*

As noted above, Davis invokes the court's diversity of citizenship jurisdiction. Facebook argues that such jurisdiction is lacking because Davis has not plead an amount in controversy greater than $75,000 as required by 28 U.S.C. § 1332(a). Davis replies, simply, "[a]s for [d]iversity jurisdiction, my claim exceeds the standards governing the form of a complaint as required by [the] Federal rules of civil procedure." Doc. No. 9 at 2.

The district court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000. *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002). The party invoking jurisdiction bears the burden of proof as to all prerequisites to jurisdiction, including the requisite amount in controversy. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). "The general federal rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed 'in good faith.' In deciding this question of good faith we have said it 'must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.'" *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961).

Here, neither the complaint nor any other submission by Davis satisfies his burden of proving that the amount in controversy exceeds $75,000. Thus, I will grant Facebook's motion to dismiss under Rule 12(b)(1). In addition, as I will discuss briefly below, I note that even if Davis established subject matter jurisdiction, dismissal would be appropriate under Rule 12(b)(6).

### B. *Failure to State a Claim*

Facebook argues that Davis has failed to state a claim because he "does not identify any claim – under any federal or state law – that he is asserting against Facebook." Doc.

No. 6 at 4. Instead, Davis seeks to "unseal" some documents. *See, e.g.* Davis Resistance, Doc. No. 9 at 2 ("I simply am only requesting documents and I would consider the case settled.").

Davis' complaint appears to arise from Facebook's Form S-1 registration statement, which was filed with the SEC prior to Facebook's IPO in May 2012. Such filings are governed by 15 U.S.C. § 77f, which provides that "[a]ny security may be registered with the [SEC] under the terms and conditions hereinafter provided, by filing a registration statement." 15 U.S.C. § 77f(a). Typically, these filings are public:

> Often referred to as the "truth in securities" law, the Securities Act of 1933 has two basic objectives:
> 
> - To require that investors receive financial and other significant information concerning securities being offered for public sale; and
> - To prohibit deceit, misrepresentations, and other fraud in the sale of securities.
> 
> The SEC accomplishes these goals primarily by requiring that companies disclose important financial information through the registration of securities. This information enables investors, not the government, to make informed judgment about whether to purchase a company's securities.

U.S. Sec. & Exchange Comm'n, *Registration Under the Securities Act of 1933* (Sept. 2, 2011), https://www.sec.gov/fast-answers/answersregis33htm.html.; *see also* 15 U.S.C. § 77f(d) ("The information contained in or filed with any registration statement shall be made available to the public under such regulations as the Commission may prescribe").

Under some circumstances, a "draft" Form S-1 can be filed under seal. *See* 15 U.S.C. 77f(e)(1) ("Any emerging growth company, prior to its initial public offering date, may confidentially submit to the Commission a draft registration statement, for confidential nonpublic review by the staff of the Commission prior to public filing"). However, in the event of a confidential filing, "the initial confidential submission and all amendments thereto shall be publicly filed with the Commission not later than 15 days before the date on which the issue conducts a road show, as such term is defined section 230.433(h)(4) of title 17, Code of Federal Regulations." As of the date of this order,

6

Facebook's initial Form S-1 and a great number of amendments made to the registration form are available to the public at no cost through the SEC's database at https://www.sec.gov/edgar/searchedgar/companysearch.html.

However, even if the forms Davis appears to be requesting were not publicly available, he fails to state a claim for which relief may be granted. Nothing in 15 U.S.C. § 77f creates a cause of action for a plaintiff allegedly damaged by sealed registration forms. Sections 77k through 77q describe various civil liabilities a company may incur for violations in their registration forms, and the methods by which private individuals can enforce their rights in connection with the registration forms,[1] but none of these statutes create a private right of action against a corporation for filing a draft form S-1 with the SEC. It would be odd for Congress to authorize a lawsuit against a corporation for doing something that Congress has authorized.

Simply put, Davis does not allege a viable cause of action of any kind against Facebook. Rather, he seeks documents in support of an SEC complaint. This is not the forum for such a request. The complaint fails to state a claim upon which relief may be granted.

## V. CONCLUSION

For the foregoing reasons, Facebook's motion (Doc. No. 6) to dismiss is **granted.** Because this order disposes of all pending claims:

1. Judgment **shall enter** in favor of the defendant and against the plaintiff.
2. The Clerk of Court shall **close this case.**

---

[1] Examples include liability for false statements or omitted material facts in the registration statement (§ 77k(a)) and for offering or selling a security *without* registering said security with the SEC (§ 77i(a)).

**IT IS SO ORDERED.**

**DATED** this 13th day of December, 2018.

                                                                                                        _____

                                                             Leonard T. Strand, Chief Judge